UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAWN MCCOLE and
JEANETTE MERTEN,

        Plaintiffs,

        v.                                  Case No. 24-C-1348

WISCONSIN ELECTION COMMISSION,

        Defendant.

## DECISION AND ORDER GRANTING MOTION TO DISMISS

      Plaintiffs Dawn McCole and Jeanette Merten brought this action against Defendant Wisconsin Election Commission (WEC), asserting that MyVote, Wisconsin's online voter registration system, is not secure. Plaintiffs allege that the WEC's failure to implement adequate cybersecurity measures for MyVote jeopardizes the integrity of the electoral process and the personal data of Wisconsin voters in violation of the Fourteenth Amendment of the United States Constitution. Plaintiffs seek to enjoin the WEC from using MyVote to allow voters to register to vote and request absentee mail-in ballots until adequate cybersecurity measures have been implemented. This matter comes before the court on the WEC's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

      A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the sufficiency of the complaint to state a claim upon which relief may be granted. The WEC asserts that Plaintiffs' claims are barred by the Eleventh Amendment. "The Eleventh Amendment bars most claims in federal court against a state that does not consent to the suit." *Carmody v. Bd. of Trs. of Univ. of Ill.*, 893 F.3d 397, 403 (7th Cir. 2018) (citations omitted). States are immune from suit in federal court "unless the State consents to the suit or Congress has abrogated their

immunity." *Tucker v. Williams*, 682 F.3d 654, 658 (7th Cir. 2012) (citing *Seminole Tribe v. Florida*, 517 U.S. 44 (1996)).

The court need not decide whether Plaintiffs' claims are barred by the Eleventh Amendment because the WEC is not a proper defendant in this case. Plaintiffs assert that the inadequate security measures of the MyVote portal violate the Fourteenth Amendment rights of Wisconsin voters and electors to due process and equal protection under the law. These constitutional claims must be brought pursuant to 42 U.S.C. § 1983. Section 1983 prohibits a "person" acting under color of state law from violating a right secured by the Constitution and laws of the United States. The WEC is not a person; it is an arm of the State of Wisconsin. *See* Wis. Stat. § 5.05. Neither a state nor a state agency is a suable "person" under § 1983. *See Phillips v. Baxter*, 768 F. App'x 555, 559–60 (7th Cir. 2019) ("As a state agency, the Department is an arm of the state, 20 ILCS 5/5-15, and states are not suable 'persons' under 42 U.S.C. § 1983." (citation omitted)); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) ("a State is not a person within the meaning of § 1983"). Because the WEC is not a proper defendant in an action created under § 1983, the complaint must be dismissed. *See Feehan v. Wis. Elections Comm.*, 506 F. Supp. 3d 596, 615–16 (E.D. Wis. 2020).

For these reasons, the WEC's motion to dismiss (Dkt. No. 5) is **GRANTED** and the complaint is dismissed. The dismissal is without prejudice, however. Plaintiffs will be allowed 21 days from the date of this order in which to file an amended complaint curing the defect noted herein. Failure to file an amended complaint within the time allowed will result in dismissal of the action.

**SO ORDERED** at Green Bay, Wisconsin this 27th day of December, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge