UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAWN MCCOLE and
JEANETTE MERTEN,

        Plaintiffs,

        v.                              Case No. 24-C-1348

MEGAN WOLFE,

        Defendant.

**ORDER DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE A RESPONSE TO PLAINTIFFS' AMENDED COMPLAINT**

This matter comes before the court on Plaintiffs Dawn McCole and Jeanette Merten's motion for default judgment based on Defendant Megan Wolfe's failure to respond to the amended complaint by February 11, 2025. A party is authorized to seek a default judgment pursuant to Federal Rule of Civil Procedure 55. Under this rule, the court may enter judgment by default when the non-moving party has "failed to plead or otherwise defend." Fed. R. Civ. P. 55. The decision to grant or deny default judgment lies within the district court's discretion. *See Homer v. Jones-Bey*, 415 F.3d 748, 753 (7th Cir. 2005). The Seventh Circuit has a "well-established policy of favoring a trial on the merits over a default judgment." *Sun v. Bd. of Trustees of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007). The Seventh Circuit "views default judgments to be a 'weapon of last resort, appropriate only when a party willfully disregards pending litigation.'" *Escamilla v. United States*, 62 F.4th 367, 372 (7th Cir. 2023) (quoting *Sun*, 473 F.3d at 811).

Relief from entry of default requested prior to entry of judgment is governed by Federal Rule of Civil Procedure 55(c), which provides that "the court may set aside entry of default for

good cause." Fed. R. Civ. P. 55(c). The standard for "good cause" under Rule 55(c) is lenient, particularly where the Clerk has not yet entered default. *See, e.g.*, *JMB Mfg., Inc. v. Child Craft, LLC*, 799 F.3d 780, 791–92 (7th Cir. 2015); *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009). To set aside the entry of default under Rule 55, the moving party must demonstrate "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense." *Cracco*, 559 F.3d at 630.

Wolfe has also filed a motion for leave to file a motion to dismiss and supporting brief under Federal Rule of Civil Procedure 6. Rule 6 authorizes the court to enlarge the time within which an act must be done, even after the time has expired, upon a showing of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, the Supreme Court broadly defined "excusable neglect" to include circumstances where the delay in taking the required action is "caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." 507 U.S. 380, 388 (1993). The determination of whether excusable neglect has been shown is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. These include, the danger of prejudice, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith. *See id.*

Plaintiffs brought this action against Megan Wolfe, the Administrator of the Wisconsin Election Commission (WEC), seeking to enjoin Wolfe from permitting the WEC to use its online voter registration system to allow voters to register to vote and request absentee ballots. Plaintiffs originally filed this action against the WEC. On November 14, 2024, the WEC filed a motion to dismiss the complaint. The court granted the motion on December 27, 2024, but allowed Plaintiffs leave to file an amended complaint. Plaintiffs filed an amended complaint against Wolfe on

2

January 17, 2025. After Wolfe did not file a response to the amended complaint, Plaintiffs filed a motion for default judgment against Wolfe on March 4, 2025. On March 5, 2025, the court ordered Wolfe to show cause why default judgment should not be entered against her by March 25, 2025.

Wolfe responded to the order to show cause and motion for default judgment on March 21, 2025. In response to the order to show cause, Wolfe asserts that counsel drafted and finalized a motion to dismiss the amended complaint and supporting brief by February 11, 2025, but support staff inadvertently filed the motion to dismiss the original complaint filed against the WEC. After realizing the error, counsel filed a brief in support of a motion to dismiss the amended complaint filed against Wolfe on March 5, 2025, but failed to file a motion to dismiss the amended complaint. On March 21, 2025, counsel filed a motion for leave to file a motion to dismiss the amended complaint against Wolfe and a brief in support.

Applying the standards of Rule 55(c) and *Pioneer*, the court concludes that Plaintiffs' motion for default judgment should be denied and Wolfe's motion for leave to file a motion to dismiss should be granted. Wolfe has been candid about the reason for her failure to answer. The clerical error in filing the incorrect motion and brief, although not commendable, certainly does not amount to a willful decision to ignore the litigation. Wolfe moved quickly to remedy her failure; the length of the delay in filing the correct motion to dismiss is minimal and had no impact on judicial proceedings. In addition, Plaintiffs have provided no basis for finding that they would be prejudiced, and Wolfe has stated a meritorious defense to Plaintiffs' claims. The court finds that justice is best served by allowing this matter to proceed on the merits. *See Sun*, 473 F.3d at 810; *Foman v. Davis*, 371 U.S. 178, 181 (1962) (noting that it is "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of . . . mere technicalities").

**IT IS THEREFORE ORDERED** that Plaintiffs' motion for default judgment (Dkt. No. 16) is **DENIED**.

**IT IS FURTHER ORDERED** that Wolfe's motion for leave to file a motion to dismiss and supporting brief instanter (Dkt. No. 21) is **GRANTED**. The court accepts the motion to dismiss as properly and timely filed. The Clerk is directed to detach and e-file the motion to dismiss (Dkt. No. 21-1) and supporting brief (Dkt. No. 21-2). Plaintiffs filed a response to Wolfe's motion to dismiss on April 4, 2025. *See* Dkt. No. 23. Wolfe's reply in support of her motion to dismiss, if any, is due April 18, 2025.

Dated at Green Bay, Wisconsin this 7th day of April, 2025.

_____
William C. Griesbach
United States District Judge