UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAWN MCCOLE and
JEANETTE MERTEN,

        Plaintiffs,

        v.         Case No. 24-C-1348

MEAGAN WOLFE,

        Defendant.

**DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

    Plaintiffs Dawn McCole, a registered voter living in Brown County, Wisconsin, and Jeanette Merten, a registered voter and municipal election clerk for the Town of Oshkosh in Winnebago County, Wisconsin, brought this action against Defendant Meagan Wolfe, the Administrator of the Wisconsin Election Commission (WEC), asserting that Wisconsin's online voter registration system, MyVote, is not secure.  In support of their claim, they have set forth the allegations against one Harry Wait, who is charged with the crimes of Election Fraud and Unauthorized Use of Another's Personal Identifying Information in Racine County, Wisconsin. According to the amended complaint, Wait admitted that he was able to order absentee ballots online at the Wisconsin MyVote website in other people's names "all without providing a photo I.D. or identifying himself."  Am. Compl. ¶ 9, Dkt. No. 12.  The special agent investigating the case stated that the WEC had discovered "eight possibly fraudulent absentee ballot requests made through the My Vote [sic] Wisconsin system."  *Id.*  The complaint alleges that Wait claimed he wanted to be charged with the crimes in order to "unearth the cybersecurity vulnerabilities present

in the My Vote [sic] portal, but had Wait not admitted what he did publicly, he likely would not have been caught." *Id.*

Plaintiffs allege that Wolfe's failure to direct the WEC to implement adequate cybersecurity measures for MyVote jeopardizes the integrity of the electoral process and the personal data of Wisconsin voters in violation of the Fourteenth Amendment of the United States Constitution. Plaintiffs seek to enjoin Wolfe from continuing to permit the WEC to use MyVote to allow voters to register to vote and request absentee mail-in ballots until adequate cybersecurity measures have been implemented. Although there is no allegation that Wait filled out the ballots and submitted fraudulent votes, Plaintiffs' allegations appear to raise serious concerns about the integrity of Wisconsin elections. But the merits of those allegations are not what this decision is about. The case is now before the court on Wolfe's motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the jurisdiction of this court over the subject matter related in the complaint. Fed. R. Civ. P. 12(b)(1). Wolfe asserts that the amended complaint must be dismissed because Plaintiffs do not have standing to pursue their claims. Federal courts do not have jurisdiction to decide every legal question that may arise. Instead, Article III of the United States Constitution limits the jurisdiction of federal courts to actual "cases" or "controversies" brought by litigants who demonstrate standing. U.S. Const. art. III, § 2, cl. 1. "The familiar 'triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement.'" *Garcia v. SigmaTron Int'l Inc.*, 986 F.3d 1058, 1064 (7th Cir. 2021) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103–04 (1998)). The plaintiff bears the burden of establishing each element. *Id.* (citation omitted).

Wolfe argues that Plaintiffs do not allege facts establishing that they have suffered an injury in fact. "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). A "concrete" injury must "actually exist;" it must be "real" and not "abstract." *Id.* at 340. "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Id.* at 339 (quoting *Lujan*, 504 U.S. at 560 n.1). "[S]uch an injury must be personal, individual, and distinct, not general and undifferentiated." *Bost v. Ill. State Bd. of Elections*, 114 F.4th 634, 640 (7th Cir. 2024) (citing *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990); *United States v. Richardson*, 418 U.S. 166, 176–78 (1974)). Injuries that are "plainly undifferentiated and common to all members of the public" are "generalized grievances" that do not confer standing. *Richardson*, 418 U.S. at 176–78.

Plaintiffs allege that the MyVote portal is not secure and therefore does not protect Wisconsin registered voters "against unauthorized access, data breaches, and other cybersecurity threats." Am. Compl. ¶ 8. They assert that because MyVote can be used to register voters and obtain absentee ballots fraudulently, Plaintiffs and other lawful voters and electors are subject to being irreparably harmed and disenfranchised by people and/or entities using MyVote for "untoward purposes," diminishing the weight of lawfully cast votes. *Id.* ¶ 11. Plaintiffs claim that Wolfe's failure to direct the WEC to implement adequate cybersecurity measures constitutes a breach of her duty to ensure the integrity and security of the electoral process and deprives Plaintiffs of their constitutional right to due process under the Fourteenth Amendment of the United States Constitution. *Id.* ¶ 19.

In this case, the risk Plaintiffs complain of is generalized and not "personal and individual" to them. *Spokeo*, 578 U.S. at 339. Indeed, Plaintiffs' alleged injuries are injuries that any

3

Case 1:24-cv-01348-WCG   Filed 04/23/25   Page 3 of 4   Document 28

Wisconsin voter may suffer. Plaintiffs may not "employ a federal court as a forum in which to air [their] generalized grievances about the conduct of government." *Richardson*, 418 U.S. at 175; *see also Bost*, 114 F.4th at 641 ("Plaintiffs here only claim a generalized grievance affecting all Illinois voters; therefore, they have not alleged a sufficiently concrete and particularized injury in fact to support Article III standing."). Rather than directly respond to Wolfe's standing arguments, Plaintiffs assert that the court has subject matter jurisdiction to grant the injunctive relief sought in this action because 42 U.S.C. § 1983 authorizes equitable relief against state actors. Although § 1983 allows a person to bring suit against a state actor for a violation of rights secured by the Constitution, a plaintiff must establish that she has standing to bring the § 1983 action in the first instance. *See Garcia*, 986 F.3d at 1064. Because Plaintiffs have not alleged that they have suffered a particularized, concrete injury, they lack standing to sue. And because Plaintiffs lack standing, the court need not address Wolfe's additional arguments that Plaintiffs have failed to name the state officials who possess the statutory responsibility to administer Wisconsin's election laws and that the amended complaint fails to state a claim under the Fourteenth Amendment.

For these reasons, Wolfe's motion to dismiss Plaintiffs' amended complaint (Dkt. No. 25) is **GRANTED**. This case is dismissed. The clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 23rd day of April, 2025.

William C. Griesbach
United States District Judge